IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| STEPHEN LAKEITH JACKSON, | : | |
| Petitioner, | : : | |
| v. | : : | CASE NO.: 7:23-CV-38 (WLS-TQL) |
| WARDEN SHAVIERS, | : : | |
| Defendant. | : : : | |

**ORDER**

Before the Court is Petitioner Stephen Lakeith Jackson's ("Petitioner") *pro se* "Motion to Challenge to a Constitutional Statute[.]" (Doc. 8). The Court construes Petitioner's Motion as moving the Court, (1) for recusal of the late Honorable Hugh Lawson, and (2) for reconsideration of the denial of Petitioner's Motion to Proceed *in forma pauperis* ("IFP Motion"). (*See* Doc. 8 at 1–3).

I.   **PROCEDURAL HISTORY**

Plaintiff filed the above-captioned habeas action on March 24, 2023. (Doc. 1). He filed his IFP Motion (Doc. 2) on March 24, 2023. The Honorable Magistrate Judge Thomas Q. Langstaff denied the IFP Motion April 27, 2023 without prejudice. (Doc. 4). Plaintiff was given fourteen (14) days from the entry of the Magistrate Judge's April 27, 2023, Order to pay the $5.00 filing fee. He was noticed that failure to pay the filing fee might result in dismissal of his Petition.

On May 16, 2023, the Magistrate Judge issued an Order to Show Cause (Doc. 5) ordering Petitioner to show cause why his case should not be dismissed for failure to comply with the Court's orders and instructions. Petitioner was again ordered to pay the filing fee within fourteen (14) days of the entry of the show cause order and was noticed that failure to do so would likely result in the dismissal of his case. By June 21, 2023, Petitioner had still failed

1

to pay the filing fee as ordered. As a result, the Court, in an Order (Doc. 6) entered by the late Honorable Hugh Lawson, dismissed Plaintiff's case without prejudice.

The case was transferred to the undersigned on June 11, 2024.

## II. MOTION TO RECUSE

Petitioner moves the Court for the recusal of Judge Lawson for "framing Petitioner with Evidence." (*See* Doc. 8 at 1–2) Both working and living distance is 25 minutes apart and his relative is ALLEN LAWSON the district attorney I face in case I challenging on the habeas petition." (Doc. 8 at 2). However, as noted, the case has been transferred from the late Judge Lawson to the undersigned. Petitioner's motion to recuse is therefore **DENIED-AS-MOOT**.

## III. MOTION TO RECONSIDER

Plaintiff also asserts that the Order dismissing his case was incorrect because his IFP motion "was denied on wrongful procedural grounds to post conviction remedy for habeas corpus petition."(Doc. 8 at 1). The Court construes this as a motion to reconsider the Order dismissing his case, and the Order denying his IFP Motion.

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration, whether considering final or non-final judgments, are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) the court made a clear error of law. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996).

2

### A. Order Denying IFP Motion

Plaintiff appears to contend that "a Poor person is generally entitled to proceed in forma pauperis. (Inmates are consider as poor person)." (Doc. 8 at 2) Petitioner does not point to an intervening change in the law, or new and previously unavailable evidence. The Court thus reviews for clear error.

The Magistrate Judge found that Petitioner was not entitled to proceed IFP relying on the financial documentation attached to his motion to proceed IFP. (Doc. 4 at 1). Having reviewed the same, the Court agrees with the Magistrate Judge that Petitioner's financial statements do not show that Petitioner is unable to pay the filing fee. To the contrary, the financial documentation shows that Petitioner is able to pay the filing fee. Petitioner certified that he had an average monthly balance in his prisoner trust account of $154.67, (Doc. 2-1 at 1), and the filing fee he asserts he cannot pay is only $5.00. Accordingly, the Court finds no clear error in the Magistrate Judge's Order denying Petitioner's IFP motion, and therefore Plaintiff's motion to reconsider that Order is **DENIED**.

### B. Order Dismissing Case

Plaintiff also contends that the Court erred in dismissing his case because he "did not receive May 16, 2023, order. In D.O.C. of Georgia computer data base in-mate was transfer [sic] to another Prison Date of arrival May 18, 2023." The Court construes this as offering new evidence as a ground for reconsideration.

Here, even to the extent the Court credits Petitioner's assertion that he did not receive the Court's May 16, 2023, Order, he was Ordered (Doc. 4) on April 27, 2023, to pay the statutory filing fee within fourteen (14) days and failed to do so. He was noticed in that Order that failing to do so might result in the dismissal of his case. In other words, Petitioner was aware of his obligation to pay the nominal filing fee, failed to comply with that obligation, and was on notice that failure to do so could result in dismissal. The fact that he did not receive the Court's show cause order reminding him of his existing obligation makes no difference. Accordingly, the Court finds no clear error, and is unpersuaded that Plaintiff's additional evidence would have prevented his case from being dismissed. Petitioner's motion to reconsider the Court's dismissal of his case without prejudice therefore is **DENIED**.

3

**IV.    CONCLUSION**

In sum, Plaintiff's "Motion to Challenge to a Constitutional Statute" (Doc. 8) is **DENIED**. The case remains dismissed-without-prejudice.

**SO ORDERED**, this 20th day of June 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT**

4